# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TAIKWAN JULIAN MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>L. VILLASENOR, et al.,<br><br>Defendants. | CASE NO. 1:09-CV-02045-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT (DOC. 12) |

Plaintiff Edward Taikwan Julian Mullins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Heberling, Villasenor, Zinani, and Miller for retaliation in violation of the First Amendment. Pending before the Court is Plaintiff's motion for preliminary injunction, filed March 15, 2010. Doc. 12.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

1

1  must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102
2  (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,
3  454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982).  If the court does not have an actual case or
4  controversy before it, it has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.
5  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the
6  parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights
7  of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727
8  (9th Cir. 1985).

9      Plaintiff contends that Defendants continued to retaliate against Plaintiff.  The incident
10 occurred at California Substance Abuse Treatment Facility.  However, Plaintiff filed a notice of
11 change of address with this Court on August 20, 2010.  Plaintiff is now incarcerated at California
12 State Prison in Lancaster County.  Plaintiff's preliminary injunctive relief request is thus moot.
13 *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

14     Accordingly, Plaintiff's motion for preliminary injunctive relief, filed March 15, 2010, is
15 DENIED as moot.

17     IT IS SO ORDERED.

18     Dated:   **March 2, 2011**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE