# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TAIKWAN JULIAN MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>L. VILLASENOR, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:09-CV-02045-DLB PC<br><br>ORDER DENYING PARTIES' MOTIONS<br><br>(DOCS. 50, 51, 53, 56)<br><br>Unenumerated 12(b) motion deadline: June 3, 2011 |

Plaintiff Edward Taikwan Julian Mullins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed April 19, 2010, against Defendants Heberling, Miller, L. Villasenor, and Zinani. Pending before the Court are: 1) Defendants' motion for extension of time to file an unenumerated 12(b) motion, filed March 1, 2011; 2) Plaintiff's motion for a stay of deposition proceedings and appointment of counsel, filed March 1, 2011; and 3) Plaintiff's motion for extension of time, filed March 10, 2011. Defendants have also requested a stay of the proceedings, filed March 30, 2011. Doc. 56. The Court will first address Plaintiff's March 1, 2011 motion.

## I.     Plaintiff's March 1, 2011 Motion (Doc. 51)

Plaintiff moves for the following: 1) stay of proceeding pending completion of medical surgery to Plaintiff's right shoulder; 2) order Defendants' counsel to not conspire to prevent

Plaintiff from receiving medical treatment; 3) order Plaintiff be deposed only regarding claims relevant to this action; 4) appointment of counsel for the deposition. Pl.'s Mot., Doc. 51. Defendants filed their opposition on March 16, 2011. Defs.' Opp'n, Doc. 54. Plaintiff filed his reply on March 25, 2011. Pl.'s Reply, Doc.55.

Regarding request No. 1, the Court declines to grant a stay pending completion of medical treatment and/or surgery. Plaintiff has not presented evidence that surgery will be performed in the near future such that it would interfere with a deposition or this action.

Regarding request No. 2, Plaintiff speculates as to Defendants' counsel conspiring with prison officials to obstruct Plaintiff receiving medical treatment. The Court declines to issue such an order, as there is no evidence in support.

Regarding request No. 3, to the extent that Plaintiff contends that Defendants' counsel will ask questions to which Plaintiff will incriminate himself by answering, Plaintiff's argument is speculative. Defendants' counsel may ask questions that are relevant to this action during deposition. *See* Fed. R. Civ. P. 26(b)(1). For example, questions regarding Plaintiff's exhaustion of administrative remedies in this action are clearly relevant. Plaintiff may assert privileges during the deposition, including the privilege against self-incrimination. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). Testimony is typically taken subject to any objections. *See* Fed. R. Civ. P. 30(c)(2). A deponent may not answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a Rule 30(d)(3) motion. *Id.* No protective order will be issued.[1]

Regarding request No. 4, appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

---

[1] It appears that Plaintiff's primary concern is with Defendants' counsel questioning Plaintiff regarding allegations that he sexually assaulted other inmates. Defendants contend that the line of questioning is relevant. Plaintiff alleges that Defendant Villasenor forged a letter which made it appear that Plaintiff had sexually propositioned her, leading to Plaintiff being placed in administrative segregation ("ad-seg"). Defendants contend that Pursuant to Defendants' investigation, evidence was discovered which suggested that Plaintiff was either propositioning and fighting his cell mate or sexually assaulted his cell mate. The author of the letter was never determined, and Plaintiff was subsequently released from ad-seg. Defendants contend that questions regarding Plaintiff's history with his cell mate are relevant to this action. Pursuant to Rule 26(b)(1), the Court finds this line of questioning relevant to this action. No protective order needs to be issued regarding this, however. As stated previously, Plaintiff may assert his privilege against self-incrimination.

1  and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).
2  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298
3  (1989).  However, in certain exceptional circumstances the court may request the voluntary
4  assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

5        Without a reasonable method of securing and compensating counsel, the Court will seek
6  volunteer counsel only in the most serious and exceptional cases.  In determining whether
7  "exceptional circumstances exist, the district court  must evaluate both the likelihood of success
8  of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
9  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

10       In the present case, the Court does not find the required exceptional circumstances.  Even
11 if it is assumed that Plaintiff is not well versed in the law and that he has made serious
12 allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is
13 faced with similar cases almost daily.  Further, based on a review of the record in this case, the
14 Court does not find that Plaintiff cannot adequately articulate his claims.  *Id.*

15 **II.      Stay Of Proceedings (Doc. 56)**

16       Defendants and Plaintiff stipulate that the proceedings will be stayed pending the
17 adjudication of Plaintiff's March 1, 2011 Motion.  Doc. 56.  The Court adjudicates Plaintiff's
18 motion by this order.  Accordingly, the parties' request for stay of the proceedings is moot.  The
19 Court will schedule a new deadline for the filing of the unenumerated 12(b) motion.  Defendants
20 contend that they will be able to file an unenumerated 12(b) motion seven weeks from the date of
21 service of this order. The Court finds this request reasonable and that good cause has been
22 shown.  Fed. R. Civ. P. 16(b)(4).

23 **III.     Motions For Extension of Time (Docs. 50, 53)**

24       Both parties filed motions for extension of time.  Defendants move for an extension of
25 time to file an unenumerated 12(b) motion.  Doc. 50.  Plaintiff moves for an extension of time to
26 procure his medical documents to oppose the motion to dismiss.  Doc. 53.  Because the Court
27 will set the time for the filing of an unenumerated 12(b) motion, both motions are denied as
28 moot.

3

IV.  **Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion, filed March 1, 2011, is denied;
2. Defendants' motion for extension of time, filed March 1, 2011, is denied as moot;
3. Plaintiff's motion for extension of time, filed march 10, 2011, is denied as moot;
4. The parties' request for stay of the proceeding, filed March 30, 2011, is denied as moot; and
5. The deadline for the filing of an unenumerated 12(b) motion is June 3, 2011.

IT IS SO ORDERED.

   **Dated:   May 3, 2011**        **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE